IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. JR., ) | |
| ) | No. 22 C 3714 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert D. Jr., appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 13, 2020, plaintiff filed an application for benefits alleging a disability onset date of November 1, 2019. (R. 13). The application was initially denied on October 7, 2020, and after reconsideration on May 20, 2021. (*Id*.). Following a telephonic hearing before Administrative Law Judge Deborah E. Ellis (the "ALJ") on September 21, 2021, the ALJ rendered an unfavorable decision. (R. 10). The Appeals Council declined review. (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," i.e., " 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.' " *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 1, 2019. (R. 15). At step two, the ALJ determined that plaintiff had the severe impairments of "Degenerative Disc Disease of the Lumbar Spine; Dysfunction of the Right Hip, status post Reconstructive Surgery[.]" (*Id.*). At step three, the ALJ found that plaintiff did not

have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 16). At step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations: "claimant could only occasionally climb ladders, ropes, or scaffolding, and occasionally stoop, kneel, crouch, or crawl. The claimant could frequently push and/or pull with his upper extremities. He could frequently use foot controls bilaterally." (*Id.*).

Plaintiff first complains that the ALJ improperly rejected the opinion of the consultative examiner, Dr. Albert Osei. Dr. Osei performed an internal medicine consultative examination at the request of the state agency. (R. 493). Dr. Osei reviewed plaintiff's medical records, including a 2019 MRI report, and examined the plaintiff. (R. 493-97). Relevant here, Dr. Osei opined that plaintiff had moderate limitations in walking, sitting, standing, lifting, and carrying. (R. 497). The ALJ rejected this opinion, finding it to be "somewhat vague" and did not define what was meant by "moderate limitation." (R. 20). Plaintiff contends that if the ALJ needed more information to properly analyze Dr. Osei's opinion, the ALJ should have contacted Dr. Osei to request the additional information pursuant to the ALJ's duty to develop a full and fair record. We agree.

20 C.F.R. § 404.1519p(b) provides that, when a consultative examiner's report is "inadequate or incomplete," the Commissioner will "contact the medical source who performed the consultative examination, give an explanation of [the Commissioner's] evidentiary needs, and ask the medical source to furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1520b also contemplates the Commissioner contacting a medical source to request additional evidence in the event that clarification or supplementation of evidence is needed. Further, the ALJ has a duty to develop a full and fair record. *See Thompson v. Sullivan*, 933 F.2d

581, 585 (7th Cir.1991). Failure to fulfill this obligation is "good cause" to remand for gathering of additional evidence. *Id*. at 586. Additionally, the Seventh Circuit has cautioned that the Commissioner's rejection of the opinion of an agency doctor is an "unusual" occurrence and "can be expected to cause a reviewing court to take notice and await a good explanation." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014).

The Seventh Circuit's recent decision in *Cieszynski v. Kijakazi*, 2023 WL 2523499 (7th Cir. 2023) is instructive.[1] There, among other problems, the ALJ erred by failing to contact the consultative examiner to obtain additional information after the ALJ determined that the examiner's report was inadequate. Indeed, the court noted that if the consultative examiner "did not provide any *specific* limitations or explain the rationale for his conclusions, [the ALJ] should have followed up with the doctor." *Id*. at *5 (citing *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004)) (emphasis added). Similarly, here, the ALJ found the lack of specificity as to certain limitations to be an inadequate feature of the consultative examiner's report. However, rather than request additional clarifying information from Dr. Osei—an agency doctor—the ALJ instead determined that Dr. Osei's "moderate limitation" opinion was only "somewhat persuasive" to the extent it was consistent with light exertional work and occasional postural movements. (R. 20). Putting aside what appears to be a "backward"[2] evaluation of Dr. Osei's

---

[1] The Court acknowledges that this decision was rendered during the course of briefing in the instant case. However, because the case "does not establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed," a retroactive application of the case is appropriate. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 106 (1971). Moreover, the Court need not rely on *Cieszynski* for its decision today. The case is merely one analogous illustration of the ALJ's deficient analysis.

[2] *See Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) ("[The ALJ's discussion] implies that the ability to work is determined first and is then used to determine the claimant's credibility. That gets things backward."). In *Bjornson*, the backward determination made by the ALJ related to her evaluation of the plaintiff's credibility, not a medical source's persuasiveness. However, the same principle applies here. It is improper to first determine the plaintiff's ability to work, and then use that determination as a basis to evaluate the persuasiveness of a medical source opinion. This is yet another reason why the ALJ should have contacted Dr. Osei to obtain more information.

opinion, the bottom line is that the ALJ—pursuant to her duty to develop a full and fair record—should have contacted Dr. Osei for additional information if the ALJ found Dr. Osei's opinion too "vague" to properly evaluate. The ALJ failed to do so, and such failure is grounds for remand. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (internal citation omitted).[3]

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, grants the plaintiff's motion for summary judgment [18], denies the Acting Commissioner's motion for summary judgment [23], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**               **ENTERED: July 27, 2023**

**M. David Weisman**
**United States Magistrate Judge**

---

That way, the ALJ would not need to speculate as to the parameters of Dr. Osei's opinion or try to shoehorn the opinion to support a predetermined RFC.
[3] Because this issue is dispositive, we need not address the other issues raised by plaintiff.